QUESTIONS: 1. May a tenant of a shopping center or his employee carry a concealed weapon or firearm only within the physical confines of the building or space held as tenant, or may he also carry it while patrolling the sidewalk adjacent to such building or space and while patrolling a service area outside of, but adjunct to, the business? 2. May each tenant or his employee carry a concealed weapon or firearm anywhere or everywhere on a parking area serving all tenants? 3. May an owner of rented buildings or his duly authorized agent carry a concealed weapon or firearm in any and all of his buildings or spaces? 4. May an owner or his duly authorized agent carry a concealed weapon or firearm while patrolling the sidewalks adjacent to his buildings or spaces and while patrolling service areas outside of, but adjunct to, the buildings or spaces? 5. !May an owner or his duly authorized agent carry a concealed weapon or firearm anywhere or everywhere on his parking area?
SUMMARY: A tenant doing business in a building rented from the owner of a shopping center may carry a concealed firearm within the confines of said building and also while patrolling a sidewalk immediately adjacent to said building. This would also be applicable with respect to a service area outside of said building but constituting a necessary adjunct to the business. A concealed firearm may not be carried throughout the entire parking area which serves the shopping center by either the tenant or his employee or the owner of the shopping center or his authorized employee. AS TO QUESTION 1: Section 790.01, F.S., provides: (1) Whoever shall carry a concealed weapon on or about his person shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. (2) Whoever shall carry a concealed firearm on or about his person shall be guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. (3) Nothing in this section shall relate to persons licensed and regulated as defined in chapter 493 when acting in the performance of duties as provided in said chapter. (4) Nothing in this section shall relate to persons licensed as set forth in ss. 790.05 and 790.06. Section 790.05, F. S., provides:
Whoever shall carry around with him, or have in his manual possession, in any county in this state, any pistol, winchester rifle or other repeating rifle, without having a license from the county commissioners of the respective counties of this state shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083; provided, this section shall not apply to sheriffs, deputy sheriffs, city or town marshals, policemen, or United States marshals or their deputies as to the carrying of concealed weapons. Section 790.25, F.S., in pertinent part provides: (1) DECLARATION OF POLICY. — The legislature finds as a matter of public policy and fact that it is necessary to promote firearms safety and to curb and prevent the use of firearms and other weapons in crime and by incompetent persons without prohibiting the lawful use in defense of life, home, and property, and the use by United States or state military organizations, and as otherwise now authorized by law, including the right to use and own firearms for target practice and marksmanship on target practice ranges or other lawful places, and lawful hunting and other lawful purposes. (Emphasis supplied.) * * * * * (3) EXCEPTIONS. — The provisions of ss. 790.05 and 790.06, shall not apply in the following instances, and despite said sections it shall be lawful for the following persons to own, possess, and lawfully use firearms and other weapons, ammunition, and supplies for lawful purposes: * * * * * (n) A person possessing arms at his home or place of business. (4) CONSTRUCTION. — This act shall be liberally construed to carry out the declaration of policy herein and in favor of the constitutional right to keep and bear arms for lawful purposes. This act shall be supplemental and additional to existing rights to bear arms now guaranteed by law and decisions of the courts of Florida, and nothing herein shall impair or diminish any of such rights. This act shall supersede any law, ordinance, or regulation in conflict herewith. The Supreme Court of Florida in the recent case of Peoples v. State, 287 So.2d 63 (Fla. 1973), had occasion to construe the abovequoted statutes in determining a question similar to those posed in your letter. There, the court remarked in pertinent part as follows: Subsection (3)(n) of Section 790.25
specifically exempts "a person possessing arms at his home or place of business" from the prohibitions of Section 790.01 and the registration requirements of Sections 790.05 and 790.06. This exception is reinforced by the "Declarations of Policy" and "Construction" set forth in Section 790.25(1) and (4). The record reflects unrebutted testimony that the defendant was a resident, and an employee, of the business establishment at which he was arrested. There is also unrebutted testimony that the defendant had been pursuing, on the property, two men whom he had caught attempting to commit a felony. This Court, in Rinzler v. Carson, noted that:
[T]he Legislature in adopting the Revised Statutes of 1969, which includes Chapter 790 dealing with the subject of weapons and firearms, has declared (Section 790.25(1)) it to be the policy of the Legislature not only that it is necessary to promote firearm safety and to curb and prevent the use of firearms and other weapons in crime and by incompetent persons, but also that the lawful use in defense of life, home and property and for other lawful purposes is not to be prohibited. If we upheld the lower court's verdict, we would be saying that a person, in defense of his home or place of business, is not permitted to conceal his possession of a firearm. This would mean that: 1). An owner of a business, or his employee, could not carry a concealed weapon on or about his person (i.e., on his person, or in a drawer next to the cash register). He would either have to risk a loss of business by offending customers, or give up his only means of selfdefense [sic]. 2). A homeowner would have to either carry his weapon in his hand or outside holster, or leave said weapon where it would be useless (as in a locked drawer and/or in plain sight). The Legislature could not have intended a result so inconsistent with its Declaration of Policy in Section 790.25(1), the Exceptions to said Section in Section 790.25(3)(n), and the Construction in Section 790.25(4). Based on the foregoing, and particularly the above-quoted remarks of the Florida Supreme Court, it is my opinion that a tenant or his employee (particularly a person hired as security personnel) may carry a concealed firearm within the physical confines of the particular building or space held by the tenant. He may also carry said weapon while patrolling the sidewalk area adjacent to such building or space and while patrolling a service area immediately outside of said building or space but constituting a necessary adjunct to the business. This office just recently considered a similar question. In AGO 074-129, the question posed was whether a security officer and security guards employed by a bank can be armed without obtaining a license for the performance of their duties on the premises of the bank. It was my opinion that s.790.25(3)(f), F.S., granted an exemption to the licensing requirements for those persons performing the usual and customary duties as bank guards and bank messengers. More pertinent to your inquiry, however, and in harmony with the position now taken is the following: I would further point out the recent opinion by the Supreme Court of Florida in the case of Peoples v. State of Florida, 287 So.2d 63 (Fla. 1973), provides additional authority for the proposition that an employee engaged in providing security services on the premises of a business establishment is exempt from the licensing requirements of Sections 790.05 and 790.06, Florida Statutes. (Emphasis supplied.) Attorney General Opinion 074-129. AS TO QUESTION 2: This question is answered in the negative. I do not believe that a person carrying a concealed weapon in a large parking area which serves an entire shopping center would come within the meaning and intent of s.790.25(3)(n), above quoted. It would also be, in my opinion, an unwarranted extension of the decision in Peoples v. State, supra. AS TO QUESTION 3: This question is answered in the negative. The owner, according to your statement of facts, is the owner of the buildings comprising a shopping center. He is merely the tenant's landlord and as such has no direct interest in the business carried on by the tenant. I do not believe that an owner, as a landlord, would be a "person" within the meaning and intent of s.790.25(3)(n), supra. AS TO QUESTION 4: This question is answered in the negative for the same reasons as stated above as to question 3. AS TO QUESTION 5: This question is answered in the negative for the same reasons as stated above as to question 3.